# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Alan Woods, | Case No. 23-CV-1544 (ECT/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota Corporate Courts, | |
| Respondent. | |

Petitioner Alan Woods pleaded guilty in state court to two counts of sex trafficking and was sentenced in 2020 to a 240-month term of imprisonment. *See Minnesota v. Woods*, No. A19-0830, 2020 WL 2116537, at *2 (Minn. Ct. App. May 4, 2020). In this action, Woods seeks to challenge the validity of those convictions and his sentence.

Woods's pleading is procedurally ambiguous. The document is captioned both as a petition for both a writ of mandamus and a writ of error. *See* Petition at 1 [ECF No. 1]. At many points in the pleading, however, Woods characterizes his attack on the conviction as being a direct appeal from the sentence, and therefore the pleading could reasonably be construed alternatively as a notice of appeal. Additionally, Woods invokes statutes such as 42 U.S.C. § 1983 that give rise to civil causes of action, and this the pleading might also be construed as a traditional civil complaint.

Each of those interpretations comes with problems for Woods, though. First, mandamus: Under 28 U.S.C. § 1361, federal courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any

1

agency thereof to perform a duty owed to the plaintiff." But the courts of the State of Minnesota are not "an officer or employee of the United States or any agency thereof," and therefore the Court cannot through the issuance of a writ of mandamus compel the courts of the State of Minnesota to perform an official duty. *See Rivera v. State of Minnesota*, No. 22-CV-1129 (KMM/BRT), 2022 WL 4298745, at *1-2 (D. Minn. Sept. 19, 2022); *Udoh v. Clerk of the Minnesota Appellate Courts*, No. 21-CV-1031 (PJS/HB), 2021 WL 2010778, at *1 (D. Minn. May 20, 2021) (noting that "this Court has no authority to issue a writ of mandamus telling a state court how it must perform its judicial duties."). Mandamus is not an appropriate procedural vehicle through which to challenge a state-court conviction or sentence in federal court.

Second, a petition for a writ of error and a notice of appeal amount to functionally the same thing: A request by a superior court to review the judgment of an inferior court.[1] This Court, however, does not sit in appellate judgment of the courts of the State of Minnesota—indeed, the Court wholly lacks jurisdiction to sit in such appellate judgment. *See, e.g.*, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-83 (1983). Among federal courts, only the Supreme Court of the United States may sit in appellate judgment of state-court criminal proceedings, *see* 28 U.S.C. § 1257(a), and the time for Woods—whose convictions became final in 2020—to seek appellate review from the

---

[1] An exception is the petition for a writ of error *coram nobis*, which is not an appellate instrument but rather—as the title of the writ itself implies—a request for review of an alleged mistake by the same court in which the petition is filed. Because Woods was not convicted in this District, he cannot seek (by definition) *coram nobis* relief in this District. *See Ogunwomoju v. United States*, 512 F.3d 69, 75 (2d Cir. 2008).

Supreme Court long ago passed, *see* S. Ct. Order of March 19, 2020 (establishing a 150-day deadline in which to seek review in criminal proceedings).

Third, a prisoner may not use civil causes of action, such as the cause of action created by 42 U.S.C. § 1983, to challenge the validity of a conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). To the extent that this is what Woods is attempting to do, his complaint would be subject to summary dismissal under 28 U.S.C. § 1915A—and Woods would owe $350.00 for the experience, *see* 28 U.S.C. § 1915(b).

How, then, may a prisoner challenge the validity of a state-court conviction in federal court? Through a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2241(c)(3). Despite invoking several other procedural possibilities, however, Woods avoids referring to his pleading as a habeas petition and avoids citing to any of the federal habeas statutes. If this were simply a matter of mislabeling by a pro se litigant, this Court would reinterpret the pleading as a habeas petition and proceed accordingly (though Woods's permission would be required before doing this reinterpretation, *see Smith v. Hobbs*, 490 F. App'x 833 (8th Cir. 2012) (per curiam)). But there was likely a reason for Woods's carefulness: Any habeas petition filed by Woods today attacking the 2020 convictions would plainly be untimely, *see* 28 U.S.C. § 2244(d), and would almost certainly amount to him throwing away his one unimpeded opportunity to seek federal habeas corpus relief. *See* 28 U.S.C. § 2244(b) (requiring authorization of the court of appeals to bring a second or successive petition for a writ of habeas corpus).

This Court will therefore do Woods a favor and not reinterpret his pleading as a habeas petition. Taking the pleading at face value, Woods seeks either a writ of mandamus

3

or a writ of error—writs that, in this context, the Court lacks jurisdiction to grant. Because the Court lacks jurisdiction to grant the relief sought by Woods, it is recommended that this matter be dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

2. The application to proceed *in forma pauperis* of petitioner Alan Woods [Dkt. No. 2] be DENIED.

Dated: May 30, 2023            *s/Elizabeth Cowan Wright*
                               ELIZABETH COWAN WRIGHT
                               United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).